UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21854-Civ-Williams/Sanchez

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

    Plaintiff,

v.

ASTONBLUWAVES LLC, and
LA VICTOIRE FIANCE BY
BANK OF CLARK COUNTY,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION TO DISMISS COUNTS 3-8 OF ASTONBLUWAVES' COUNTERCLAIM**

This cause is before the Court on Plaintiff's Motion to Dismiss Counts 3-8 of Astonbluwaves' Counterclaim. ECF No. 16.

On July 18, 2023, the Plaintiff filed an Unopposed Motion for Leave to Amend Complaint, seeking permission to delete Count III of the complaint (a claim that sought a declaratory judgment that Astonbluwaves breached its insurance policy's fire suppression condition) by interlineation. ECF No. 54. In that motion, the Plaintiff also noted that "it would make sense to amend the Defendants' Answers [ECF No. 11, 18] interlineally to delete any references" to Count III. ECF No. 54 at 2. Indeed, Astonbluwaves' Answer, Affirmative Defenses, and Counterclaim is a pleading that addresses Count III not only in it answer to the Complaint, ECF No. 11 at 1-2, but also in Count V of Astonbluwaves' Counterclaim, which seeks a declaratory judgment that Astonbluwaves complied with the very insurance provision that Count III of the original complaint alleged that Astonbluwaves had breached, ECF No. 11 at 13-15.

On July 21, 2023, the Court granted the Plaintiff's motion for leave to amend in part. ECF No. 56. Specifically, the Court ordered that "[r]ather than amending by interlineation, Plaintiff must file the Amended Complaint as a separate docket entry on or before July 24, 2023" and that "Defendants must respond to the Amended Complaint within the time allowed by the Federal Rules of Civil Procedure." *Id.* As a result, the Plaintiff filed an Amended Complaint that no longer includes Count III of the original complaint. ECF No. 57.

Significantly, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citing *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982)). Accordingly, the Defendants must respond to the Plaintiff's Amended Complaint, as previously ordered by the Court, ECF No. 56, and they must state any counterclaims that they wish to assert and maintain in their respective pleadings answering the Amended Complaint, for "it is well recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading." *See N.Y. Marine & Gen. Ins. Co. v. Boss Interior Contractors, Inc.*, No. 20-cv-23777-Bloom/Louis, 2021 WL 327421, at *1 (S.D. Fla. Feb. 1, 2021); *see also* Fed. R. Civ. P. 7(a) (listing the "[o]nly" seven pleadings allowed by the Federal Rules of Civil Procedure); Fed. R. Civ. P. 13(a), (b) (prescribing that counterclaims, whether compulsory or permissive, be raised in "[a] pleading").

Here, the Plaintiff's pending Motion to Dismiss Counts 3-8 of Astonbluwaves' Counterclaim (ECF No. 16) addresses counterclaims that were asserted by Astonbluwaves in response to the Plaintiff's now-superseded original complaint. Those counterclaims, moreover, are set forth within a now-inoperative answer that will imminently be superseded by Astonbluwaves' forthcoming answer to the Plaintiff's Amended Complaint. *See N.Y. Marine &*

*Gen. Ins. Co.*, 2021 WL 327421, at *2 (holding that the "Answer, which contains Defendant's counterclaim . . . , is no longer an operative pleading" after the filing of an amended complaint). Because the Plaintiff has filed its Amended Complaint in this case and because the Defendants must respond to that Amended Complaint and raise any counterclaims that they may wish to pursue (or continue to pursue) in their new answer, the Plaintiff's pending motion to dismiss Astonbluwaves' counterclaims has been rendered moot. *See, e.g.*, *Reams v. GK Restaurants, LLC*, No. 3:13-cv-1446-J-39JBT, 2015 WL 13735449, at *2 (M.D. Fla. July 21, 2015) (denying as moot the plaintiff's motion to dismiss the defendant's counterclaims, which had become inoperative when the plaintiff amended his complaint and the defendant was required to file an answer to that amended pleading); *Duke Univ. v. Apotex, Inc.*, No. 1:14CV1028, 2015 WL 2383408, at *4 (M.D.N.C. May 19, 2015) (ruling that the plaintiff's filing of a second amended complaint would render moot the plaintiffs' motion to dismiss counterclaims that had been asserted in response to the prior amended complaint); *Capitol Recs., Inc. v. Foster*, No. CV 04-1569-W, 2005 WL 8157587, at *2 (W.D. Okla. July 6, 2005) (concluding that the order that granted leave to amend a complaint also rendered moot the plaintiffs' motion to dismiss the defendant's counterclaim because "the defendant is required to respond to the amended complaint and to assert any counterclaims in conjunction with said response"); *see also N.Y. Marine & Gen. Ins. Co.*, 2021 WL 327421, at *2 (ruling that plaintiff's motion to strike a jury demand that was included within the defendant's counterclaim was rendered moot by the plaintiff's filing of an amended complaint).

Accordingly, after careful consideration of the parties' filings, the pertinent portions of the record, and the applicable law, the undersigned hereby **RECOMMENDS** that the Plaintiff's Motion to Dismiss Counts 3-8 of Astonbluwaves' Counterclaim (ECF No. 16) be **DENIED WITHOUT PREJUDICE AS MOOT**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 28th day of July 2023.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Kathleen M. Williams
      Counsel of Record